UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RONNIE CONLEY,                    )
                                  )
            Petitioner,           )
                                  )
v.                                )        Case No. 4:10 CV 396  RWS
                                  )
JENNIFER SACHSE,                  )
                                  )
            Respondent.           )

**MEMORANDUM AND ORDER**

This matter is before me on Petitioner Ronnie Conley's petition for writ of

habeas corpus pursuant to 28 U.S. C. § 2254.  I referred this matter to United

States Magistrate Judge Nannette A. Baker for a report and recommendation on all

dispositive matters pursuant to 28 U.S.C. § 636(b).  On December 14, 2012, Judge

Baker filed her recommendation that Conley's habeas petition should be denied.

Conley filed an objection to Judge Baker's report.  However, instead of

objecting to specific aspects of the report, Conley simply attached a copy of his

state court motion to vacate his sentence which is the subject of his present habeas

petition.  A district judge must "make a de novo determination of those portions of

the report or specified proposed findings or recommendations to which objection

is made." 28 U.S.C. § 636(b)(1).  Because Conley failed to object to any specific

portion of Judge Baker's report, no section of the report is subject to de novo review.

Nevertheless, I have conducted a de novo review of Conley's claims and find them to be without merit and that he is not entitled to habeas relief.

*Background*

Conley entered a guilty plea in Missouri state court to two counts of felony stealing. He received concurrent sentences of five years and seven years. In addition, his sentence stated that he be placed in the long-term drug treatment program authorized by § 217.362 R.S.Mo.

Placement in the long-term drug treatment program is a potential benefit for offenders. It allows *non-violent* offenders to participate in an institutional drug or alcohol treatment program for up to two years. Upon completion of the program the Board of Probation and Parole advises the sentencing court that the offender has completed the program and is scheduled to be released on probation in thirty days. The sentencing court may allow the offender to be released or may order the offender to complete his original sentence. If the offender fails to complete the program or is removed from the program for failing to cooperate in his treatment, the offender will be removed from the program and serve his original sentence.

After he was sentenced, Conley was sent to the Missouri Eastern Reception,

Diagnostic and Correctional Center in Bonne Terre, Missouri.[1]  At the time Conley entered his guilty plea, he was aware that he would first go to the diagnostic center before he would be assigned to the facility where he would participate in the long-term drug treatment program.  While at the diagnostic facility, Conley was involved in an altercation with another inmate.  Conley struck the inmate with a lock placed in a sock.  Conley was found to have committed a major conduct violation and was placed in administrative segregation for thirty-days.

Because of this incident, the Missouri Department of Corrections determined that Conley was no longer eligible to participate in the long-term drug treatment program.  As a result, Conley's original prison sentence was imposed. At the time he entered his guilty plea, Conley was aware that only non-violent offenders were eligible to participate in the long-term drug treatment program.

Conley filed a post-conviction motion in state court.  That motion was denied by the post-conviction court.  Conley appealed.  The Missouri Court of Appeals found the sole point Conley raised on appeal was that his guilty plea was rendered involuntary because the trial court failed to explain to Conley that he could potentially lose the benefit of the drug treatment program as a result of

---

[1] These facts are taken from the decision in Conley's appeal of his state post-conviction proceeding in Conley v. State, 301 S.W.3d 84 (Mo. Ct. App. 2010).

Conley's behavior in prison *before* he entered the program. Conley v. State, 301 S.W.3d 84, 85 (Mo. Ct. App. 2010). The appeals court could not find any authority which imposed a duty on a sentencing court to inform a defendant that his actions in prison might disqualify him from a treatment program. Moreover, the appeals court noted that it was Conley's own volitional conduct which caused him to be disqualified from the treatment program. The court held that a sentencing judge need not "anticipate all possible behavior a defendant might voluntarily engage in after his delivery to the DOC and warn him about how such conduct might affect his probation eligibility." Id. at 90.

The appeals court also deferred to the motion court's rejection of Conley's claim that he would have insisted on going to trial if the sentencing judge had told Conley that he might become ineligible for the treatment program. Conley had two prior felonies and was facing two consecutive fifteen year sentences if convicted of the charges against him. The motion court did not find Conley's claim credible that he would have rejected the plea deal.

In his present habeas petition Conley asserts three grounds for relief: (1) the sentencing court denied Conley due process because the court did not require that Conley be "prescreened' for eligibility in the drug treatment program; (2) his guilty plea was involuntary because the sentencing court misled Conley when it

failed to inform him that his behavior before entering the treatment program could cause him to be ineligible for the program; and (3) his plea was involuntary because his participation in the treatment program depended on his behavior before he entered the program.

None of these grounds entitle Conley to habeas relief.

*Legal Standard*

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254 (d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Discussion*

Conley's due process claim is without merit. Conley did not have a liberty interest, that is an entitlement, to participate in the long-term drug treatment

program.  A liberty interest arises if a statute, rule or policy contains "specific substantive predicates" and "explicitly mandatory language." <u>Hewitt v. Helms</u>, 459 U.S. 460, 472 (1983).  However, "a benefit is not a protected entitlement if government officials may grant or deny it in their discretion." <u>Town of Castle Rock, Colo. v. Gonzales</u>, 545 U.S. 748, 756, (2005).  The benefit of participating in the long-term drug treatment program was the possibility of an early release on probation.  By its own terms, the statute that created the program, § 217.362 R.S.Mo., clearly states that the decision to allow an inmate an early release is discretionary.  The sentencing judge has discretion to block the release of an inmate who has completed the program.  As a result, Conley did not have a liberty interest in being "prescreened" for or in participating in the long term drug treatment program.

Conley's remaining two arguments are also without merit.  These arguments are interrelated in that they both assert the Conley was not aware at the time of his guilty plea that his behavior in prison before he entered the drug treatment program may impact his eligibility to participate in the program.  As the Missouri Court of Appeals found, the trial judge was under no obligation to warn Conley that if he assaulted another prisoner before he entered the long-term drug treatment program he may lose his eligibility to participate in the program.  Conley was

aware at his sentencing that the program was only for non-violent offenders.

Conley cannot undermine his guilty plea by blaming the sentencing judge for

failing to warn Conley that if he assaulted a fellow inmate he may become

ineligible to participate in the program.  The court of appeals decision is not

contrary to, or involved an unreasonable application of, clearly established Federal

law nor did it result in a decision that was based on an unreasonable determination

of the facts in light of the evidence presented in the State court proceeding.  As a

result, Conley's habeas petition will be denied.

I have also considered whether to issue a certificate of appealability.  To

grant a certificate of appealability, the Court must find a substantial showing of

the denial of a federal constitutional right.  See Tiedeman v. Benson, 122 F.3d

518, 522 (8th Cir. 1997).  A substantial showing is a showing that issues are

debatable among reasonable jurists, a Court could resolve the issues differently, or

the issues deserve further proceedings.  Cox v. Norris, 133 F.3d 565, 569 (8th Cir.

1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).  Because

Conley has not made such a showing in this case, I will not issue a certificate of

appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Judge Baker's Report and

Recommendation is adopted and sustained in its entirety.

**IT IS FURTHER ORDERED** that Petitioner Ronnie Conley's Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 26th day of March, 2013.